IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. AGNELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 10-870 |
| | ) | |
| PAUL PAPE, LARRY STRATIFF, | ) | |
| JEFFERSON COUNTY and | ) | |
| KEVIN BICKLE | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, District Judge

# OPINION
and
# ORDER OF COURT

Plaintiff Joseph Agnello ("Agnello") participated in an Accelerated Rehabilitative Disposition ("ARD") program in connection with a case brought by the Commonwealth of Pennsylvania against Agnello in the Court of Common Pleas of Jefferson County. Agnello contends that after he completed the ARD program, his home was searched, without a warrant, based upon a false tip that he was manufacturing methamphetamines. According to Agnello, Defendants Larry J. Stratiff ("Stratiff"), the Jefferson County Chief Probation Officer, and Paul S. Pape ("Pape"), a self-employed constable, conducted the search. Agnello claims that the search violated his Fourth Amendment rights under the Constitution. He seeks relief for the violation pursuant to 42 U.S.C. § 1983.

1

Agnello also charges Defendant Kevin Bickle, a Sergeant with the Brookville Police Department, with having violated the 14th Amendment[1] under the Constitution pursuant to 42 U.S.C. § 1983 as well as his rights under Article 1, Section 8 of the Pennsylvania Constitution. Bickle is the officer who arrested Agnello initially, causing him to be placed into the ARD program. Agnello contends that Bickle erroneously charged him under the Motor Vehicle Code and that the incorrect charge caused him to be erroneously placed into the ARD program in the first place.

The Defendants have filed Motions to Dismiss the Amended Complaint. See Docket Nos. [11] and [14].[2] For the reasons set forth below, Defendant Bickle's Motion is granted in its entirety, with prejudice. Defendant Stratiff's and Jefferson County's Motion is granted in part and denied in part, as set forth below.

## Standard of Review

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, I must construe all allegations of the Complaint in the light most favorable to the plaintiff. I must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). However, as the Supreme Court made clear in Bell Atlantic Co. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

---

[1] The Amended Complaint also contains a reference to the 13th Amendment. The 13th Amendment addresses slavery and involuntary servitude. Nothing in the Amended Complaint suggests that Agnello was subject to slavery or involuntary servitude, and I assume the reference to the 13th Amendment was erroneous. Indeed, Agnello offers no response to Bickle's contention that he has no viable claim under 42 U.S.C. § 1983 for a violation of the 13th Amendment. I will grant the Motion to Dismiss in this regard, with prejudice.

[2] Defendants Larry Stratiff and Jefferson County jointly filed a Motion to Dismiss. See Docket No. [11]. Defendant Bickle filed a separate Motion to Dismiss. See Docket No. [14]. Defendant Paul Pape has not yet responded to the Amended Complaint. It does not appear from the docket as though he has been served.

2

(internal citations, footnotes and quotation marks omitted). See also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 1008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Supreme Court held, "… a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).

In Iqbal, the Court specifically highlighted the two principals which formed the basis of the Twombly decision. First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. See also Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. Id. at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. Id., citing, F.R.Civ. P. 8(a)(2).

## Analysis

*A. Kevin Bickle's Motion to Dismiss (Docket No. [14])*

Only Count Two of the Amended Complaint is directed at Bickle. Though not entirely clear, it appears as though Agnello's complaint is that Bickle, who filed the criminal complaint against Agnello which resulted in Bickle's placement in the ARD program, should have charged him under a different section of the Motor Vehicle Code. See Amended Complaint, ¶¶ 27-36, Docket No. [5]. By charging Agnello with a misdemeanor of the first degree offense rather than a summary offense, Agnello reasons, he was erroneously placed into the ARD program and, as a

3

result, had his home searched without a warrant in violation of his Fourth Amendment rights.  As stated above, Agnello charged Bickle with having violated his 14th Amendment rights under the Federal Constitution as well as his rights under the Pennsylvania Constitution.

1. Constitutional Claims under 42 U.S.C. § 1983

Agnello asserts claims under 42 U.S.C. § 1983 for violation of his 14th Amendment rights.  Bickle counters that Agnello's claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994) and the Third Circuit Court's decision in Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005).  I agree.

The Heck decision stands for the proposition that a plaintiff cannot assert a § 1983 claim when that claim necessarily impugns the validity of an underlying criminal conviction, unless that conviction has been reversed on direct appeal or impaired by collateral proceedings.  Agnello's claims under the 14th Amendment would appear to impugn the validity of his participation in the ARD program.  His claim is, in essence, that his rights were violated because he was charged and prosecuted under the wrong section of the Motor Vehicle Code.  His claim is premised upon the notion that the charges in the Court of Common Pleas of Jefferson County were wrong.  This runs afoul of the Heck decision.

Agnello attempts to distinguish Heck by urging that his participation in the ARD program is not akin to a "conviction" because the completion of the ARD program results in the dismissal of the criminal charge and the expungement of the arrest record.  See Docket No. [16], p. 5.  I disagree.  The Third Circuit court specifically rejected this argument in Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005).  In Gilles, the Third Circuit declared that an ARD program "imposes several burdens upon the criminal defendant not consistent with innocence, including a probationary term, 'restitution, imposition of costs, and imposition of a reasonable charge relating to the expense of administering the program, and such other conditions as may be agreed by the parties.'" Gilles, 427 F.3d at 211, quoting, Pa. R. Crim. P. 316 (a).  Given this inconsistency with

4

innocence, the Gilles court found that a plaintiff's participation in an ARD program barred his § 1983 claim.

Following Gilles and Heck, I too find that Agnello's § 1983 claim is barred. Completion of the ARD program does not constitute a "favorable" termination under Gilles and Heck and the success of Agnello's claim requires a favorable termination of his criminal proceedings in state court. Consequently, the § 1983 claim set forth in Count II of Agnello's claim is dismissed, with prejudice.

2.Pennsylvania Constitution

Agnello also asserts a claim against Bickle under Article I, Section 8 of the Pennsylvania Constitution. Bickle reasons that the Pennsylvania Constitution does not permit a private cause of action for damages. I agree.

In Jones v. City of Philadelphia, 890 A.2d 1188, 1216 (Pa. Commw. Ct. 2006)., app. denied, 589 Pa. 741, 909 A.2d 1291 (Pa. 2006), the Pennsylvania Commonwealth Court found that § 8 of the Pennsylvania Constitution does not provide for a private cause of action for monetary damages. It observed that "[t]o date, neither Pennsylvania statutory authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." Id., at 1208. See also Underwood v. Beaver County Children and Youth Services, Civ. No. 3-1475, 2007 WL 3034069 at * 2 (W.D. Pa. Oct. 7, 2007); Gerhart v. Commw. Of Pa., Civ. No. 9-1145, 2009 WL 2581715 at * 7 (E.D. Pa. Aug. 13, 2009) (dismissing a monetary claim against troopers for a violation of Article I, Section 8 of the Pennsylvania Constitution); Dooley v. City of Philadelphia, 153 F. Supp.2d 628, 663 (E.D. Pa. 2001) and Hubcity v. U.S. Ambassador to Costa Rica, Civ. No. 7-1420, 2007 WL 3119284 at * 5 (M.D. Pa. Oct. 22, 2007).

Consequently, the claim against Bickle, given that it is only for monetary damages, must be dismissed, with prejudice. I note that Agnello offers no argument in opposition to this outcome.[3]

B. *Stratiff's and Jefferson County's Motion to Dismiss* (Docket No. [11])

As was previously established, Agnello participated in the ARD program as a result of the criminal charges filed in the Court of Common Pleas of Jefferson County, Pennsylvania. According to Agnello, Stratiff works for Jefferson County as the Chief Adult Probation Officer. On January 19, 2009, Stratiff filed a Motion to Dismiss Charges and Expunge Arrest Record, certifying that Agnello had completed the ARD program. See Amended Complaint, Ex. A. The District Attorney consented to the Motion on March 23, 2009. The next day – one day before the President Judge of the Court of Common Pleas of Jefferson County signed the Order granting the Motion for dismissal and expungement – Stratiff "pushed his way" into Agnello's home without a warrant. Stratiff (and Pape) searched Agnello's home for methamphetamine. See Amended Complaint, ¶ ¶ 9 and 22. Stratiff explained that the search was prompted by an anonymous phone call. Id., ¶ 17.

Agnello contends that Stratiff violated his 4th and 14th Amendment rights under 42 U.S.C. § 1983 by searching his home without a warrant and without probable cause. He further charges Jefferson County with failing to train Stratiff with respect to his duties as the Chief Probation Officer. Both Stratiff and Jefferson County challenge the validity of Agnello's claims.

1. Stratiff

Stratiff contends that Agnello has "no legal standing" to assert his claim. See Docket No. [12], p. 3-4. Stratiff's argument in this regard is premised upon two incorrect assumptions: (1) that Agnello consented to the search and (2) that Agnello's status as a probationer deprives him of the ability to assert a claim.

---

[3] Because both the § 1983 claims and the Pennsylvania Constitutional claims are dismissed with prejudice, I need not address Bickle's contention that punitive damages are not warranted.

6

As stated above, Angello alleges that Stratiff "pushed" his way into Agnello's home. See Amended Complaint, ¶ 22. The fair inference from the allegation is that Stratiff had to use force to gain access to the house – something that would not have been necessary if consent had been given. Consequently, Stratiff's first argument fails.

Stratiff's second argument is equally unconvincing. Stratiff seems to suggest that Agnello's status as a probationer eliminated the need to obtain a warrant. Yet a review of the statute which appears to have governed searches by county probation and parole officers during the time in question[4] indicates that Agnello would not have fallen within the list of "offenders" subject to property searches. Section 331.27b(b) defines "offender" as:

> Any person released on county probation, intermediate punishment or county parole. The term shall not include any person serving a period of probation pursuant to Accelerated Rehabilitative Disposition… .

61 P.S. § 331.27b(g), repealed by 2009, Aug. 11, P.L. 147, No. 33.[5] Because Agnello cannot be defined as an "offender," the sections of 331.27b allowing a probation / parole officer to conduct a personal and / or property search without a warrant are not applicable.

I find Stratiff's claim to qualified immunity to be equally uncompelling. Stratiff can hardly claim to be unfamiliar with the 4th Amendment right to be free from unreasonable searches. Further, as the Chief Probation Officer of the County, he can hardly claim to be unfamiliar with the statute which governs his ability to search probationers and parolees. Indeed, he does not claim to be unfamiliar with the statute. Consequently, I find the claim of qualified immunity to be inappropriate, at least at this juncture.

---

[4] Agnello cites to the statute in question in his Amended Complaint and attaches relevant copies to it. Stratiff does not dispute the applicability of the statute.

[5] The definition does make an exception for those offenders placed in an ARD program as a result of a charge of a violation of 18 Pa.C.S. Ch. 31 – relating to sex offenses. There is no indication, however, that Agnello was so charged.

2. Jefferson County

In the Amended Complaint, Agnello contends that Jefferson County violated 42 U.S.C. § 1983 and the 4th Amendment by failing to properly train Stratiff. Jefferson County challenges the sufficiency of the allegations in this regard. The Third Circuit Court of Appeals recently stated that a district court must take three steps to determine the sufficiency of a complaint under Twombly and its progeny:

> First, the court must "take[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 129 S. Ct. at 1947. (footnote omitted). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Finally, were there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

Santiago v. Warminster Township, Civ. No. 10-1294 at p. 14 (3d Cir. Dec. 14, 2010).

Turning to the first step of the Santiago analysis, it is well established that a municipality cannot be held liable under 42 U.S.C. § 1983 for the actions of its officials under a *respondeat superior* theory of liability. See Monell v. Dep't. of Social Services, 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). Instead, "[a] municipality is liable under § 1983 when a plaintiff can demonstrate that the municipality itself, through the implementation of a municipal policy or custom, causes a constitutional violation. Liability will be imposed when the policy or custom violates the Constitution… ." Brown v. Farrell, 293 Fed. Appx. 147, 150 (3d Cir. 2008), quoting, Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).

Turning to the second step of the Santiago analysis, I find that Agnello's statement that "Defendant Jefferson County is the employer of Defendant Larry J. Stratiff, who willfully failed in any manner to train the Defendant Larry J. Stratiff in regard to his duties as Chief Probation Officer of Jefferson County …," (See Amended Complaint, ¶ 23) is nothing more than a conclusion and is not entitled to an assumption of truth. Accordingly, I need not give it credence.

In accordance with the dictates of the Santiago decision, at the third step of the analysis, I would normally assume the veracity of any well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief - but there are none. The Amended Complaint is completely devoid of any factual allegations pertaining to custom, practice or policy regarding a failure to train probation officers in general or Larry Stratiff in particular. Accordingly, I agree with Jefferson County that the Motion to Dismiss must be granted in its favor.

The Motion to Dismiss is also granted insofar as it contains a request for punitive damages. Punitive damages are not available against either a municipality or against an official sued in his or her official capacity. See Feldman v. Philadelphia Housing Authority, 43 F.3d 823 (3d Cir. 1994) and Carroll v. Bristol Twp., 827 F. Supp. 332, 335 (E.D. Pa. 1993). Agnello appears to concede as much. See Docket No. [17], p. 6.

ORDER OF COURT

And Now, this 21st day of December, 2010, after careful consideration and for the reasons set forth below, the Motions to Dismiss [Docket Nos. 11 and 14] are disposed of as follows:

(1) Kevin Bickle's Motion to Dismiss (Docket No. [14]) is granted in its entirety. The claims asserted against Bickle set forth in Count II of the Amended Complaint are dismissed, with prejudice.

(2) Larry Stratiff's and Jefferson County's Motion to Dismiss (Docket No. [11]) is granted in part and denied in part. The 42 U.S.C. § 1983 claims asserted against Larry Stratiff set forth in Count I of the Complaint survive the Motion to Dismiss, but the § 1983 claims asserted against Jefferson County set forth in Count I of the Complaint are dismissed, without prejudice to file a Second Amended Complaint, by January 3, 2011, curing the deficiencies noted herein. The Motion to Dismiss is also granted, with prejudice, insofar as Plaintiff seeks the imposition of punitive damages against Jefferson County.

By the court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court