IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH S. AGNELLO,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　 )　　　Civil Action No. 10-870
　　　　　　　　　　　　　　　　　　　)
LARRY STRAITIFF,　　　　　　　　　　 )
JEFFERSON COUNTY and　　　　　　　　 )
KEVIN BICKLE　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　 )

AMBROSE, District Judge

# OPINION
## and
## ORDER OF COURT

Plaintiff Joseph Agnello ("Agnello") participated in an Accelerated Rehabilitative Disposition ("ARD") program in connection with a case brought by the Commonwealth of Pennsylvania against Agnello in the Court of Common Pleas of Jefferson County. Agnello contends that after he completed the ARD program, his home was searched, without a warrant, based upon a false tip that he was manufacturing methamphetamines. According to Agnello, Defendant Larry J. Straitiff ("Straitiff"),[1] the Jefferson County Chief Probation Officer, and Paul S. Pape ("Pape"), a self-employed constable, conducted the search. Agnello claims that the

---
[1] Straitiff's name is incorrectly spelled as "Stratiff" in the Complaint.

1

search violated his Fourth Amendment rights under the Constitution. He seeks relief for the violation pursuant to 42 U.S.C. § 1983.

Jefferson County has filed a Motion to Dismiss. See ECF Docket No. [20]. It challenges, under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and its progeny, the sufficiency of the allegations directed against it as a municipality under 42 U.S.C. § 1983.[2] This is the second time Jefferson County has challenged the viability of Agnello's § 1983 claim of municipal liability. In my earlier Opinion and Order (see ECF Docket No. [18]), I found that the allegations set forth in the First Amended Complaint were wanting. Agnello was given the opportunity to amend. The question before me is whether the amendments cure the deficiencies I previously noted.

### Standard of Review

"'In deciding a motion to dismiss, all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.'" Robinson v. County of Allegheny, Civ. No. 9-4681, 2010 WL 5166321 at * 2 (3rd Cir. Dec. 21, 2010), quoting, McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009). "To withstand a Rule 12(b)(6) motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Robinson, 2010 WL 5166321 at * 2, quoting, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim is plausible if it 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct that is alleged.'" Holmes v.Gates, 403 Fed. Appx. 670, 2010 WL 5078004 at * 1 (3rd Cir. Dec. 14, 2010), quoting, Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Holmes, 2010 WL 5078004 at * 1, quoting, Iqbal, 129 S. Ct. at 1949. "'A pleading that offers labels and conclusions or a

---

[2] Jefferson County also seeks to have all references to "Paul Pape" as a "Defendant"stricken from the Second Amended Complaint. Agnello clarifies in his response that the inclusion of the word "Defendant" in connection with "Pape" in the body of the Second Amended Complaint was a drafting error. Accordingly, I will deny the Motion to Strike as moot in this regard.

2

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation marks and brackets omitted). "'Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (citations omitted).

Analysis

As the Holmes court cautioned, assessing the sufficiency of Agnello's allegations is a context-specific task. Here, Agnello has asserted a claim under 42 U.S.C. § 1983 for municipal liability. "A municipality or other local government may be liable under this section if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, Civ. No. 9-571, 2011 WL 1119022 at * 6 (U.S. March 29, 2011), *citing*, Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978). Thus, a local government is responsible only for its own illegal acts, it cannot be held vicariously liable under § 1983 for its employees' actions. Connick, 2011 WL 1119022 at * 6, *citing*, Pembauer v. Cincinnati, 475 U.S. 469, 477, 106 S. Ct. 1292 (1986) and Monell, 436 U.S. at 691.

To prevail on a § 1983 claim against a municipality, a plaintiff must prove that the constitutional deprivation was caused by a municipal custom, practice or policy. Id. "A 'policy' is an official proclamation by a decision maker with final authority; a 'custom' is a practice of [municipal] officials that is so permanent and well-settled as to virtually constitute law." Bolick v. Commw. of Pa., Civ. No. 10-1461, 2011 WL 941394 at * 7 (E.D. Pa. March 16, 2011), *citing*, Kelly v. Borough of Carlisle, 622 F.3d 248, 263 (3d Cir. 2010).

Nothing in the Second Amended Complaint references a custom, practice or policy. For instance, Agnello does not allege that Jefferson County's Probation Office routinely searched ARD participants without a warrant. Instead, Agnello alleges that:

3

21. Defendant Jefferson County is the employer of Defendant Larry J. Stra[i]tiff, who willfully failed in any manner to train the Defendant Larry J. Stra[i]tiff in regard to his duties as Chief Probation Officer of Jefferson County, in violation of 42 Pa.C.S.A. § 8550.

22. Defendant Jefferson County failed to train any Jefferson County Probation Officers.

23. Jefferson County is the employer of all Jefferson County Probation Officers.

24. Defendant Jefferson County's failure to train any Jefferson County Probation Officers was well known to the head Probation Officer of Jefferson County Larry J. Stra[i]tiff.

See Second Amended Complaint, ECF Docket No. [19].

Given these allegations, it appears that Agnello's § 1983 claim is based upon a "failure to train." The Supreme Court recognizes that "[i]n limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official policy for purposes of § 1983." Connick, 2011 WL 1119022 at * 7. However, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id., *citing*, Oklahoma City v. Tuttle, 471 U.S. 808. 822-23, 105 S.Ct. 2427 (1985) (plurality opinion) (stating that "[a] policy of inadequate training is far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in Monell.") (internal quotation marks omitted).

According to the Supreme Court, "[t]o satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Id., *citing*, Canton v. Harris, 489 U.S. 378, 395, 109 S. Ct. 1197 (1989). "Only then can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983." Id.

"'Deliberate indifference' is a stringent standard of fault" and requires "proof that a municipal actor disregarded a known or obvious consequence of his action." Id., *quoting* Board of Commissioners of Bryan Cty. v. Brown, 520 U.S. 397, 410, 117 S. Ct. 1382 (1997). "Thus,

4

when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." Id., *citing*, Bryan Cty., 520 U.S. at 407. In effect, a city's "'policy of inaction' in light of notice that its program will cause constitutional violations 'is the functional equivalent of a decision by the city itself to violate the Constitution.'" Id., *quoting,* Canton, 489 U.S. at 395, 109 S. Ct. 1197 (O'Conner, J., concurring in part and dissenting in part).

Here, the excerpts from the Second Amended Complaint set forth above do not make any reference to "deliberate indifference." Further, nothing in the Second Amended Complaint suggests that Jefferson County policymakers had actual or constructive notice that a particular omission in their training program with respect to probation officers would cause those probation officers to violate the rights of those citizens who are on A.R.D. Indeed, Agnello does not even identify what the omissions might be. In short, Agnello does not set forth any acts which, if accepted as true, would support a plausible claim of deliberate indifference on the part of Jefferson County.

Additionally, the Supreme Court instructs that "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Connick, 2011 WL 1119022 at * 8, *quoting*, Bryan Cty., 520 U.S. at 409, 117 S. Ct. 1382. Thus, "[p]olicymakers' 'continued adherence to an approach that they know or should know has failed to prevent tortious disregard for the consequences of their action – the 'deliberate indifference' – necessary to trigger municipal liability.'" Id. (citations omitted). Indeed, "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." Id.

Again, Agnello has not alleged that Jefferson County's probation officers have engaged in a pattern of similar constitutional violations. Nor are any facts offered which, if accepted as

5

true, would make such a claim plausible on its face. Absent such facts and a pattern of similar constitutional violations, Jefferson County can hardly be said to have deliberately chosen a training program, or to have chosen to have failed to implement such a program, that would cause a violation of constitutional rights.

The Supreme Court left open the possibility in Canton that, "in a narrow range of circumstances, " a plaintiff might not need to demonstrate a pattern of similar violations in order to demonstrate that a municipality acted with deliberate indifference. See Bryan Cty., 520 U.S. at 409, 117 S. Ct. 1382. The Supreme Court recently explained the origin of the Canton Court's "narrow range of circumstances" as follows:

> The [Canton] Court posed the hypothetical example of a city that arms its police force with firearms and deploys the armed officers into the public to capture fleeing felons without training the officers in the constitutional limitation on the use of deadly force. Given the known frequency with which police attempt to arrest fleeing felons and the "predictability that an officer lacking specific tools to handle that situation will violate citizens' rights," the Court theorized that a city's decision not to train the officers about constitutional limits on the use of deadly force could reflect the city's deliberate indifference to the "highly predictable consequence," namely, violations of constitutional rights. The Court sought not to foreclose the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations.

Connick, 2011 WL 1119022 at * 8 (internal citations omitted).

Here, Agnello has not alleged that a failure to train probation officers regarding ARD defendants falls within the "narrow range of Canton's hypothesized single-incident liability." Nor has Agnello offered any facts in support of such an allegation which would make obvious the need for such specific legal training.

## Conclusion

As stated above, Agnello has failed to set forth enough facts to state a claim which is plausible on its face. Consequently, dismissal is warranted. Indeed, Agnello makes no real effort to avoid dismissal. His Brief in Opposition simply recites the three paragraphs newly inserted into the Second Amended Complaint and poses the question "do paragraphs 22

6

through 24 cure any fault that this Court found when it held that now paragraph 21 was a conclusion?" See ECF Docket No. [22], p. 5. Simply stated, Agnello fails to provide any substantive analysis of this critical issue.

Further, Jefferson County asks for dismissal with prejudice. Agnello does not address this issue. He has had three opportunities to set forth a viable claim and has failed to do so. Each complaint is basically a mirror of the previous one – with the same conclusory allegations repeated with minor variations. He has showed no signs of being able to state a viable claim of municipal liability against Jefferson County. For this reason, I will grant Jefferson County's Motion to Dismiss, with prejudice. See Holmes v. Gates, Civ. No. 10-2059, 2010 WL 5078004 at * 2 (3rd Cir. Dec. 14, 2010) (affirming a district court's dismissal with prejudice and denial of a request to amend a complaint for the third time where the proposed amendment "continues to assert the same conclusory statements as in the previous three iterations of Plaintiff's complaint.").

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH S. AGNELLO, )
)
   Plaintiff, )
)
   vs. ) Civil Action No. 10-870
)
LARRY STRAITIFF, )
JEFFERSON COUNTY and )
KEVIN BICKLE )
)
   Defendants. )

AMBROSE, District Judge

## ORDER OF COURT

AND NOW, this 15th day of April, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion to Dismiss and Motion to Strike (See ECF Docket No. [20]) is GRANTED in part and denied in part. It is granted with respect to the claim asserted by Plaintiff against Defendant Jefferson County under 42 U.S.C. § 1983. That claim is hereby dismissed with prejudice. The Motion is denied, as moot, insofar as the Defendant sought to strike all references to Paul Pape as a Defendant. It is clear from the allegations in the Second Amended Complaint as a whole, together with Plaintiff's response to the Motion to Dismiss and Motion to Strike, that he does not intend to assert a claim against Paul Pape.

                                                    By the Court:
                                                  /s/ Donetta W. Ambrose
                                                  Donetta W. Ambrose
                                                  Senior Judge, U.S. District Court